IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COREON MAGEE

        PLAINTIFF,          **CASE NO.**

v.

TOPGOLF PAYROLL SERVICES LLC
TOPGOLF USA NAPERVILLE, LLC
and
TOPGOLF INTERNATIONAL INC.

        DEFENDANTS.

## EMPLOYMENT DISCRIMINATION COMPLAINT

**NOW COMES,** PLAINTIFF, COREON MAGEE**,** and files this complaint to redress the discrimination, hostile work environment and constructive discharge he encountered while working for DEFENDANTS, TOPGOLF PAYROLL SERVICES LLC, TOPGOLF USA NAPERVILLE, LLC and TOPGOLF INTERNATIONAL INC. (collectively the Defendants will be referred to as "Top Golf") in violation of Title VII, 42 USC 2000e et seq., 42 USC 1981, the Illinois Human Rights Act, and for negligent supervision. For his cause of action Plaintiff states as follows:

1. Plaintiff, Coreon Magee is a Black Male who resides in , Naperville Illinois.

2. Top Golf Payroll Services LLC was the named entity on the check provided to Plaintiff.

3. TOPGOLF USA NAPERVILLE, LLC Is believed to be the owner and operator of location where Plaintiff worked.

4. Defendant, TOPGOLF International, Inc. is the manager for both Defendants' TOPGOLF Payroll Services LLC and TOPGOLF USA NAPERVILLE, LLC.

5. Defendants are all interrelated entities who appear to run, own and/or manage the Top Golf located in Naperville Illinois that Plaintiff worked at. Plaintiff through his representatives has asked Defendants to clarify its entities but Defendants has refused.

6. Defendants are a common enterprise and managed to avoid employment laws and are the same, owners and managers who employs more than 500 workers for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

7. Plaintiff and/or his representative has made a request for his personnel file pursuant 820 ILCS 40, the **Personnel Record Review Act.** Defendant's Counsel has acknowledged receipt of the demand and promised to provide the documents. Plaintiff's counsel asked for the documents again, but Defendant has intentionally refused to provide Plaintiff's personnel file.

8. The Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights). The court also has Supplemental jurisdiction over the State Claims as they come out of the same set of facts and/or questions of law.

9. Venue is also proper in this Court as the actions occurred in Naperville, Illinois.

10. All required conditions precedent required under Title VII (42 U.S.C. §2000e et seq.) have been exhausted and/or performed by Plaintiff prior to the filing of this complaint. Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"). Plaintiff received a right to sue letter. This suit is timely filed within the 90 days allowed from the receipt of this right to sue letter.

11. All conditions precedent have been performed prior to filing this complaint pursuant to the Illinois Human Rights Act ("IHRA"). Plaintiff opted out of the investigation and filed this suit within 90 days of receiving that letter allowing him to bring suit.

12. Plaintiff's race is Black and a protected class under 42 USC §1981, Title VII and IHRA.

13. Plaintiff was an employee of Defendants as defined by IHRA 775 ILCS 5/2-101 (A) and 42 USC § § 2000e(f).

14. Defendants is an employer as defined by 42 USC § 2000e(b).

15. Plaintiff performed his job duties in a satisfactory manner while he worked for Defendants.

16. During his employment Plaintiff was mistreated by numerous employees of Defendants. Plaintiff struck, battered and assaulted several times one employee of Defendant. The same employee threatened the Plaintiff on several occasions to harm including to lay the Plaintiff out and to shoot up the Naperville Location of Top Golf where Plaintiff worked.

17. The same employee who threatened and struck/battered Plaintiff threatened and/or battered other employees of Top Golf. Top Golf was aware of the employee making its place of business dangerous and failed to resolve the problem.

18. Plaintiff reported the instances of the employee's abuse and battery to his supervisors, management of Defendant and its Human Resources. The employee was not disciplined to Plaintiff's knowledge and was not fired even after harming Plaintiff and other employees and threatening to shoot up the Top Golf location.

19. Top Golf had a policy that employees are not to be hit or attacked by other employees and employees are to be fired if they touch, strike, hit or batter another employee. Top Golf failed to follow this policy and terminate the employee.

20. In addition to being battered and assaulted several times by one of Top Golf's employee, other employees who worked for Top Golf created a hostile work environment due to Plaintiff's race. Employees of Top Golf made numerous racial slurs to Plaintiff, made

  racist offensive jokes to Plaintiff and treated plaintiff inferior due to Plaintiff's Race-- Black. Hispanic employees who worked for Top Golf would swear at Plaintiff and call Plaintiff "Negro" several times a day on a regular if not daily basis. Management of Defendant overheard that racist remarks and di nothing to stop the racially hostile work environment. Plaintiff was offended by being referred to regularly as "Negro" and told the employees to stop and reported it his supervisor, management and Human Resources of Defendant. The employees did not stop the racist behavior throughout Plaintiff's employment.

21. Most of the staff and managers who worked for Top Golf in Naperville were Hispanic. Hispanic workers of Top Golf were treated superior than Black employees, including Plaintiff.

22. Plaintiff was subjected to different terms and conditions of employment by Top Golf due to Plaintiff's race. Other employees who were not Black were treated much better than Plaintiff. Employees who were not Black were allowed to not work, text on their phones at work and force Plaintiff to do their job.

23. Plaintiff made numerous complaints to his supervisors, the person in charge, Amelia unknown last name and to Human Resources. After making at least three complaints to Amelia, Plaintiff was told by Frank, another management employee, that Plaintiff was not allowed to bother Amelia any longer and could not contact her.

24. On the last day of his employment, Plaintiff started working with a new crew of Hispanic employees. Plaintiff was not trained or given any instruction to do the new job. Plaintiff asked for help form the person in charge and other workers, Top Golf's employees refused to help the Plaintiff. Employees of Top Golf ignored the Plaintiff and

refused to speak to or acknowledge Plaintiff. One employee refused to do any work and just texted her phone. Other employees were also not working. The incident was the final straw to Plaintiff as after weeks of being mistreated, he now was treated as if he did not exist and was expected to work while other employees did what they wanted to. He asked for help to management, but Top Golf did nothing.

25. After the numerous complaints, Plaintiff tried to keep working for Top Golf, but hostile work environment was never addressed, the employee who threatened and battered him was not disciplined and still worked for Top Golf and Plaintiff was forced to resign due Top Golf's made Plaintiff's working conditions intolerable.

26. The actions of Top Golf created a constructive discharge of Plaintiff's employment.

27. Top Golf made Plaintiff's working conditions so intolerable that a reasonable person in Plaintiff's position would have had to quit.

28. But For Plaintiff's race, Top Golf would not have made Plaintiff's working conditions intolerable.

29. The actions of the Defendants damaged the Plaintiff. Plaintiff lost wages and fringe benefit. Plaintiff also suffered compensatory damages including loss of reputation, embarrassment and the loss of the job created financial hardship as well as emotional stress which included physical ailments such as insomnia, stomach pains and medical issues.

30. Top Golf's actions were done with malicious, oppressive or reckless disregard of the Plaintiff's rights.

## COUNT 1 TITLE VII

31. Plaintiff realleges paragraph 1-30 as set forth herein.

32. Plaintiff's race and color, Black, is a protected classes under 42 USC § 2000e et. seq.

33. 42 USC § 2000e-2(a)(1) makes it an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

34. As set forth herein, Top Golf treated Plaintiff less favorably than similarly situated employees who were not Black and constructively discharged the Plaintiff in violation of 42 USC § 2000e-2(a)(1).

### COUNT II VIOLATION OF 42 USC § 1981

35. Plaintiff incorporates his allegations of paragraphs 1-34 as set forth herein.

36. Plaintiff race, Black, is protected under 42 U.S.C. §1981.

37. TOP GOLF treated Plaintiff differently than others due to Plaintiff's race. The effect of treatment was to constructively discharge the Plaintiff.

38. Top Golf's actions which led to Plaintiff's constructive discharge violated 42 U.S.C. §1981.

39. PLAINTIFF was damaged by TOP Golf's actions towards him as set forth herein.

### COUNT III VIOLATION IHRA

40. Plaintiff realleges paragraphs 1-39 into Count IV as set forth herein.

41. 775 ILCS 5 et seq. makes it illegal to discriminate against someone due to their race or color,

42. Plaintiff race and color, Black, is a protected class under the Illinois Human Rights act.

43. Pursuant to 775 LICS 5/2-102(A) it is unlawful for an employer to engage in harassment or discharge, discipline and create different privileges or conditions of employment on the basis of a person's, race or color.

44. s's actions toward Plaintiff as well as the differences in terms and conditions of employment which Plaintiff was subjected to by Top Golf was done because of Plaintiff's Race and/or color. Top Golf's actions were unlawful discrimination against Plaintiff in violation of 775 ILCS 5/1103 (Q).

## COUNT IV   HOSTILE WORK

45. Plaintiff realleges paragraphs 1-44 into Count IV as set forth herein.

46. Employees of Top Golf intimidated Plaintiff, threatened Plaintiff, and made derogatory racist statements to Plaintiff due to Plaintiff's race or color, Black.

47. Top Golf's employees caused plaintiff physical harm and fear of his safety. Top Golf also allowed its employees to mistreat the Plaintiff due to his race or color and treated Plaintiff inferior due to his race/color.

48. Other employees who were Black were also treated inferior to other employees of Top Golf who were not black.

49. Defendants' actions violated 42 USC § 2000e et seq by creating an abusive work environment due to Plaintiff's Race and color and also violated 42 usc 1981.

50. The IHRA at 775 ILCS 5/2-101(E-1) defines harassment as follows:

> "Harassment" means any unwelcome conduct on the basis of an individual's actual or perceived race, color, religion, national origin, ancestry, age, sex, marital status, order of protection status, disability, military status, sexual orientation, pregnancy, unfavorable discharge from military service, citizenship status, or work authorization status that has the purpose or effect of substantially interfering with the individual's work performance or creating an intimidating, hostile, or offensive working environment. For purposes of this definition, the phrase

"working environment" is not limited to a physical location an employee is assigned to perform his or his duties.

51. Plaintiff received unwelcome conduct on the basis of his race and color that has the purpose or effect of substantially interfering with his work performance or creating an intimidating, hostile, or offensive working environment. The unwelcome conduct violated the Illinois Human Rights Act including 775 ILCS 5/2-102.

52. The conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

53. At the time the conduct occurred, Plaintiff believed that the conduct made his work environment hostile and/or abusive.

54. Top Golf knew or should have known about the conduct alleged in this Complaint that were done to Plaintiff. Top Golf did not take reasonable steps to correct the situation and/or prevent harassment from recurring. Plaintiff was told by his managers to stop making reports to Amelia.

55. The effect of the actions of Top Golf was to make Plaintiff employment intolerable whereby Top Golf constructively discharged the Plaintiff.

56. Top Golf's constructive discharge of plaintiff was a tangible employment action.

## COUNT V RETALIATION

57. Plaintiff realleges paragraph 1-56 into Count V as set forth herein.

58. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), makes it unlawful employment practice for an employer to discriminate against any of his employees or to discriminate against any individual because he has opposed any practice made an unlawful employment practice.

59. 775 ILCS 5/6-101(A) makes it is a violation of the IHRA to retaliate against a person who has opposed the which he or he reasonably believes and in good faith believes to be unlawful discrimination.

60. Plaintiff also asserted his rights under 42 USC 1981 to be free of racial discrimination.

61. Plaintiff made a good faith report to Top Golf to oppose what he believed was unlawful discrimination he was encountering due to his race being Black.

62. A short time after Plaintiff made his complaint to TOP GOLF, he was mistreated and forced to quit as Top Golf refused to correct the racially hostile work environment and the working environment was intolerable.

63. Top Golf's constructive discharge of Plaintiff's employment was caused in retaliation for Plaintiff asserting his rights under TITLE VII, 42 U.S.C. § 2000e-3(a), 42 USC 1981 and the IHRA.

## COUNT VI NEGLIGENT SUPERVISION

64. Plaintiff realleges paragraph 1-63 as set forth herein.

65. Top Golf hired its supervisors and trained them.

66. Plaintiff was mistreated by employees of Top Golf including the constant barrage of racial insults and epithets he endured while working for Top Golf. Plaintiff was also battered and threatened by another employee of Top Golf. The same employee who threatened and offensively touched the Plaintiff threatened to shoot up Top Golf. Other employees were also assaulted and/or battered by the same employee who assaulted and offensively touched the Plaintiff.

67. Defendants had a duty to supervise its employee,

68. The employer negligently supervised its employee.

69. Defendants' Negligence was the proximate cause of Plaintiff's injuries.

70. Defendants knew that one employee was battering and assaulting Plaintiff on several occasions and that that employee had battered and assaulted other employees. Top Golf also knew of the racially hostile work environment that was occurring and did nothing to stop it.

71. The acts complained of herein harmed the Plaintiff and forced the Plaintiff to quit his employment due to constructive discharge.

72. Plaintiff was damaged by Top Golfs negligent supervision of its employees.

## REQUEST FOR RELIEF

WHEREFORE, PLAINTIFF respectfully requests judgment against Defendants as follows:

1. Declaring that Defendants' conduct has violated Plaintiff's rights as secured by the Title VII and/or 42 U.S.C. 1981 and the Illinois Human Rights Act.

2. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices.

3. Award Plaintiff make whole relief and damages for his lost wages, front pay, lost fringe benefits and other economic damages.

4. Awarding compensatory damages on each and every cause of action, including but not limited to damages for mental distress and humiliation, embarrassment, degradation, emotional and physical distress, and other nonpecuniary losses as will fully compensate Plaintiff for the injuries caused by Defendants discriminatory conduct.

5. Awarding punitive damages for Defendants' illegal conduct.

6. Make Plaintiff whole by awarding Plaintiff Compensatory damages for his pain, suffering, loss of reputation and other damages.

7. Awarding such others and additional relief as may be necessary to make Plaintiff whole on each and every cause of action.

8. Awarding a reasonable attorney's fees and costs in prosecuting this action

9. Enjoining and permanently restraining the alleged violations of law on each and every cause of action.

10. Have a trial by Jury on the issues contained herein.

11. Awarding such other equitable relief as this Court deems just and proper.

## JURY DEMAND

**PLAINTIFF DEMANDS TRIAL BY A JURY.**

RESPECTFULLY SUBMITTED,


/s/Steven D. Horak
Steven D Horak # 6207126
940 Knollwood Dr
Buffalo Grove IL 60089
 (847)877-3120
Steve@stevenhoraklaw.com
ATTORNEYS FOR PLAINTIFF